UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| EDWARD WILLIAM CARMAN,        )<br>                                                           )<br>                    Plaintiff,            )<br>     vs.                                              )        No. 1:07-cv-190-DFH-WTL<br>                                                           )<br>TRACY ARNHOLT,                      )<br>WILLIAM RAYBURN,                 )<br>                    Defendants.        ) | |

**Entry Discussing Motion for Summary Judgment**

This is a civil rights action in which plaintiff Edward William Carman ("Carman"), a state prisoner, alleges that defendants Tracy Arnholt and William Rayburn violated his right to constitutionally adequate medical care at the Bartholomew County Jail ("Jail") by refusing to let him use an inhaler while he was confined at the Jail.

The defendants seek resolution of the action through summary judgment based in part on their argument that Carman failed to comply with the exhaustion of administrative remedies requirement of the Prison Litigation Reform Act ("PLRA").

Whereupon the court, having considered the pleadings and the motion for summary judgment and the response thereto, as well as the evidentiary record, and being duly advised, finds that the motion for summary judgment must be **granted.** This conclusion is based on the following facts and circumstances:

1.      The PLRA requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions under 42 U.S.C. § 1983. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 126 S. Ct. 2378, 2385 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'")(quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002). Strict compliance is required with respect to exhaustion, and a prisoner must properly follow the prescribed administrative procedures in order to exhaust his remedies. See *Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006).

      2.      "Summary judgment is appropriate where the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Westra v. Credit Control of Pinellas,* 409 F.3d 825, 827 (7th Cir. 2005) (quoting Rule 56(c) of the *Federal Rules of Civil Procedure*). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.*

      a.      The Supreme Court has explained that the purpose of Rule 56 is to "enable a party who believes there is no genuine dispute as to a specific fact essential to the other side's case to demand at least one sworn averment of that fact before the lengthy process of litigation continues." *Lujan v. National Wildlife Federation,* 497 U.S. 871, 888 (1990). The means by which this purpose is accomplished is by "pierc[ing] the pleadings and . . . assess[ing] the proof in order to see whether there is a genuine need for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

> At bottom, the district court must determine whether the party opposing the motion for summary judgment has presented genuinely disputed facts which remain to be tried. If not, the district court may resolve the legal questions between the parties as a matter of law and enter judgment accordingly.

*Thompson Everett, Inc. v. National Cable Advertising, L.P.,* 57 F.3d 1317, 1323 (4th Cir. 1995). Succinctly stated, "summary judgment serves as the ultimate screen to weed out truly insubstantial lawsuits prior to trial." *Crawford-El v. Britton,* 523 U.S. 574, 592 (1998).

      b.      The methodology for acting on a motion for summary judgment has been set forth in the following terms:

> The moving party bears the initial burden of directing the district court to the determinative issues and the available evidence that pertains to each. "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); *id.* at 325, 106 S. Ct. at 2554 ("the burden on the moving party may be discharged by 'showing'--that is, pointing out to the district court--that there is an absence of evidence to support the nonmoving party's case"). Then, with respect to issues that the non-moving party will bear the burden of proving at trial, the non-moving party must come forward with

affidavits, depositions, answers to interrogatories or admissions and designate specific facts which establish that there is a genuine issue for trial. *Id.* at 324, 106 S. Ct. at 2553. The non-moving party cannot rest on the pleadings alone, but must designate specific facts in affidavits, depositions, answers to interrogatories or admissions that establish that there is a genuine triable issue. *Id.* The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

*Selan v. Kiley,* 969 F.2d 560, 564 (7th Cir. 1992). "'It is a well-settled rule that a party opposing a summary judgment motion must inform the trial judge of the reasons, legal or factual, why summary judgment should not be entered.'" *Sanders v. Village of Dixmoor,* 178 F.3d 869, 870 (7th Cir. 1999)(quoting *Liberles v. County of Cook,* 709 F.2d 1122, 1126 (7th Cir. 1983)). "The nonmovant will successfully oppose summary judgment only when it presents definite, competent evidence to rebut the motion." *Vukadinovich v. Bd. of Sch. Trs.,* 278 F.3d 693, 699 (7th Cir. 2002) (internal quotation and citation omitted).

    c.    Carman failed to properly oppose the motion for summary judgment. As noted in the Entry of January 15, 2008, Carman sent the clerk a bundle of records, but this was not a response to the motion for summary judgment and the court had no obligation to parse through these materials in search of a basis on which to conclude that there is a genuine issue of fact justifying a trial. Those materials, in the manner submitted, did not comply with the letter or spirit of Local Rule 56.1. Accordingly, the factual assertions on which the defendants' motion for summary judgment is based which are properly supported by the evidentiary record, are accepted as true for the purpose of resolving that motion. *Corder v. Lucent Techs., Inc.,* 162 F.3d 924, 927 (7th Cir. 1998); *Flaherty v. Gas Research Inst.,* 31 F.3d 451, 453 (7th Cir. 1994); *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 921-22 (7th Cir. 1994). By not responding to the motion for summary judgment, Carman has conceded the defendants' version of the facts. *Brasic v. Heinemann's Inc.,* 121 F.3d 281, 286 (7th Cir. 1997). This is the result of Local Rule 56.1(h), of which the plaintiff was notified. This does not alter the standard for assessing a Rule 56(c) motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

    3.    Construed in a manner reasonably most favorable to Carman as the non-moving party, the evidence here shows that: Carman was confined at the Jail from March 1, 2006, until November 1, 2006. At the time he was booked into the Jail, Carman was advised of the *Inmate Rules* of the Jail and a copy was made available to him. The *Inmate Rules* provided, among other things, for the existence of a grievance procedure to be followed if an inmate has a problem with any officer employed by the Sheriff's Department. The grievance procedure is set forth in writing and specifies that:

- any complaints or grievances shall be forwarded to the administrative staff of the Jail.

- all complaints must be in writing on the available grievance form.

- all complaints must be submitted within 72 hours of the alleged occurrence.

- if the grievance contains vulgar language, it will not be responded to.

- the grievance will be responded to within 15 days and may be appealed to the Jail Commander. The Jail Commander will respond if overriding the decision of the original response.

- grievance forms can be obtained during medication times.

As noted above, Carman's complaint in this action is that the defendants wrongfully denied him use of an inhaler while he was confined at the Jail. While at the Jail, however, Carman did not submit any grievance concerning the claim asserted in this case.

    4.    The defendants present an array of arguments in support of their motion for summary judgment, but only the failure-to-exhaust argument need be considered. The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle,* 534 U.S. 516, 532 (2002). Carman's claim is within the scope of the grievance procedure at the Jail. The evidentiary record shows without contradiction or even comment from Carman that Carman did not present any grievances dealing with the allegations related to his claim in this lawsuit. The only grievances he submitted while at the Jail concerned his commissary account and fees for medical care. He used the grievance procedure on these matters in a manner sufficient to demonstrate his awareness of the procedures and his ability to use them.

    5.    The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that Carman's action should not have been brought and must now be dismissed without prejudice. *Pozo v. McCaughtry,* 286 F.3d 1022 (7th Cir. 2002) (explaining that "a prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating"). The motion for summary judgment is **granted,** and judgment consistent with this Entry shall now issue.

    So ordered.

*David F. Hamilton*
_____
DAVID F. HAMILTON, Chief Judge
United States District Court

Date: 3/13/2008